IN THE INTEREST OF "T" CHILDREN: S.T. and M.T., III
No. 28573
Intermediate Court of Appeals of Hawaii.
December 26, 2008.
On the briefs:
Randal I. Shintani, for Mother-Appellant.
Patrick A. Pascual and Mary Anne Magnier, Deputy Attorneys General, State of Hawai'i for Petitioner-Appellee, State of Hawai'i.
Tae W. Kim, for Father-Appellant.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and NAKAMURA, JJ.
This consolidated appeal arises from three cases brought to protect four children of the same mother, Mother-Appellant (Mother): (1) Appeal No. 28573 (FC-S No. 04-09462) relates to children S.T. (born on December 5, 2001) and M.T., III (born on December 26, 2003), whose natural and legal father is Father-Appellant (Father); (2) appeal No. 28587 (FC-S No. 04-09460) relates to child C.T. (born on February 28, 1998), whose natural father is B.L.; and (3) appeal No. 28588 (FC-S No. 04-09461) relates to child B.T-L. (born on July 23, 2000), whose natural father is also B.L. (S.T.; M.T., III; C.T.; and B.T-L. are hereinafter collectively referred to as Children.) Father is the stepfather of C.T. and B.T-L. by virtue of his marriage to Mother.
In appeal No. 28573, Father appeals the decision and order entered by the Family Court of the First Circuit (family court)[1] on May 17, 2007, awarding permanent custody of S.T. and M.T., III to the Department of Human Services, State of Hawaii (DHS). Mother cross-appeals the decision and order, the order awarding permanent custody, and the letters of permanent custody, all entered by the family court on May 17, 2007, awarding permanent custody of S.T. and M.T., III to DHS.
In appeal No. 28587, Mother appeals the decision and order, the order awarding permanent custody, and the letters of permanent custody, all entered by the family court on May 17, 2007, awarding permanent custody of C.T. to DHS.
In appeal No. 28588, Mother appeals the decision and order, the order awarding permanent custody, and the letters of permanent custody, all entered by the family court on May 17, 2007, awarding permanent custody of B.T-L. to DHS.
B.L.[2] did not file any appeal.
On appeal, Father raises the following points of error: First, Father challenges ninety of the family court's findings of fact.[3]
Second, Father contends that the family court abused its discretion by: (a) denying DHS's motion to continue the hearing on the motion for award of permanent custody; (b) "repeatedly ordering DHS to re-assess DHS's own recommendation on placement and direction of the case, forcing DHS to give up the reunification efforts";[4] (c) ordering DHS to reconcile its positions regarding S.T. and M.T., III and ordering DHS not to increase the duration and frequency of Father's visits with them and prohibiting unsupervised visits; (d) adopting DHS's permanent plan for Children "after bifurcating the issues of permanent custody and contested placement, and before deciding the issue of placement"; (e) allowing the foster parents of Children to intervene regarding the issues of placement of Children and termination of parental rights; and (f) prohibiting DHS from removing Children from the home of their foster parents and placing Children with B.L.'s mother (S.T. and B.T-L.'s paternal grandmother) and her husband on the island of Hawaii
Third, Father argues that there was no clear and convincing evidence that he was unwilling and unable to provide a safe home for Children, even with the assistance of a service plan, within a reasonable period of time.
Finally, Father argues that there was no clear and convincing evidence upon which the family court could find that the proposed permanent plan assisted in meeting the goal of adoption, which DHS identified as being in the best interests of Children.
On appeal, Mother challenges the family court's conclusion that she was not presently willing and able to provide Children with a safe family home, even with the assistance of a service plan, nor was it reasonably foreseeable that she will become willing and able to provide Children with a safe family home, even with the assistance of a service plan, within a reasonable period of time.
Upon carefully reviewing the extensive record and the briefs submitted by the parties, and having given due consideration to the issues raised, the arguments presented, and the statutory and case law on the issues presented, we disagree with Father and Mother and resolve their points of error on appeal as follows.

A.
The family court did not abuse its discretion in denying DHS's motion to continue the hearing on the motion for award of permanent custody. The requested continuance was for three months in order to allow Mother and Father an opportunity to demonstrate an ability to function in an independent living situation. At the time the family court denied the motion on July 7, 2006, two and a half years had passed from the date that M.T., III, who tested positive for methamphetamines at birth, was first placed in foster custody, and S.T., C.T. and B.T-L. were placed under family supervision. In denying the motion, the family court set trial for September 15 and 22, 2006, giving Mother and Father most of the time requested by DHS in order to demonstrate they could function in an independent living situation.
The family court did not abuse its discretion in seeking confirmation and clarification of DHS's position regarding custody and placement of Children and visitation with Children. The record indicates that DHS's original plan to keep Children together changed over the course of the proceedings below, and DHS later recommended that M.T., III be reunified with Mother and Father and that permanent custody of S.T., C.T., and B.L-T. be awarded to DHS. At the same time, DHS recommended increased visitation by Mother and Father with Children. In light of the change in DHS's recommendation, the family court did not abuse its discretion in requesting clarification and confirmation of DHS's position and in preserving the status quo until DHS had provided such clarification and confirmation.
The family court did not abuse its discretion in bifurcating trial to allow the permanent custody issue to be determined before addressing the issue of placement. Pursuant to Hawaii Revised Statutes (HRS) § 587-73(a) and (b) (2006 & Supp. 2007), the family court was authorized to award permanent custody of Children to DHS only if the family court determined that clear and convincing evidence existed that Mother and Father were "not presently willing and able to provide [Children] with a safe family home, even with the assistance of a service plan" and that "[i]t is not reasonably foreseeable that [Mother and Father] will become willing and able to provide [Children] with a safe family home, even with the assistance of a service plan, within a reasonable period of time which shall not exceed two years from the date upon which the child was first placed under foster custody by the court[.]" The issue of placement would be unnecessary if permanent custody to DHS were not granted.
The family court did not abuse its discretion in allowing Children's foster parents to intervene in the proceedings below. The interest of foster parents in the custody of a child in their care is recognized by statute. During the proceedings below, HRS § 587-72(b) (Supp. 2005) provided, in relevant part, as follows: "Notice of review hearings shall be served upon the parties and upon the present foster parent or parents, each of whom shall be entitled to participate in the proceedings as a party."[5]

B.
"[T]he family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal." In re Doe, 95 Hawaii 183, 190, 20 P.3d 616, 623 (2001) (internal quotation marks and brackets omitted). There is substantial evidence in the record to support the decisions and orders of the family court that Father and Mother challenge on appeal, and the conclusions of the family court are not clearly erroneous.
Therefore,
IT IS HEREBY ORDERED that the decision and order, the order awarding permanent custody, and the letters of permanent custody, all entered by the family court in FC-S Nos. 04-09460, 04-09461, and 04-09462 on May 17, 2007, are affirmed.
NOTES
[1] The Honorable Linda K. C. Luke presided over the proceedings in the family court.
[2] The record indicates that B.L. and Mother have three other children together, who reside with B.L.'s mother, G.M., on the island of Hawai`i.
[3] The challenged findings of fact include findings related to historical events that took place in the consolidated cases. Father appears to list these findings because he objects to the outcome of the events and not that the events occurred. Additionally, Father merely quotes the findings of fact without identifying why the findings are erroneous and where in the record the error was objected to or otherwise brought to the attention of the family court, thereby violating Hawaii Rules of Appellate Procedure (HRAP) Rule 28(b) (4). Furthermore, Father did not present any argument regarding most of the ninety challenged findings of fact, as required by HRAP Rule 28(b) (7), and we therefore consider any error as to these findings waived. See City & County of Honolulu v. Hsiung, 109 Hawai`i 159, 180, 124 P.3d 434, 455 (2005).
[4] Father's characterization of the family court's requests is a bit misleading. The record indicates that DHS's recommendations as to Children changed over the course of the proceedings below and the family court sought clarification of DHS's position regarding custody and placement of Children.
[5] This language was deleted from HRS § 587-72, effective June 14, 2006, and moved to HRS § 587-51.5(b) (2006), which states, in part: "Notice of all hearings subsequent to the section 587-71 disposition hearing shall be served upon the current foster parent or parents, each of whom shall be entitled to participate in the proceedings as a party."